## GEORGE McKNIGHT v. STATE.

No. A-5210.  Opinion Filed Jan. 30, 1926.
(243 Pac. 257.)

J. W. Barry, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, with one C. A. Clark, was jointly informed against for the crime of selling intoxicating

liquor. When the case was ready to go to trial the defendant Clark pleaded guilty and offered no defense, though his plea was not entered, and his case was submitted to the jury, which returned a separate verdict as to him. The trial proceeded as to the defendant McKnight. The evidence of the state was, in effect, that the state's witness Brazer negotiated the purchase of a gallon of whisky and a gallon of alcohol from Clark. Clark borrowed a car and McKnight went with him. The alcohol and whisky were procured and delivered to the witness Brazer, Clark and McKnight being together, and he paid Clark for it. In a short time the defendant and Clark were arrested, and the money which had been paid for the whisky was found in the possession of the defendant McKnight. McKnight testified that the money had been paid to him by Clark upon a debt owed him by Clark, and that he did not have possession of the whisky at any time; that he was called by Clark to go with him, and that Clark borrowed the car in which they traveled from another person; that he did not know what Clark's business was in going after the whisky and had no interest in it.

The assignments of error argued are: First, that the court permitted statements made by Clark to Brazer out of the presence of the defendant to be received in evidence over the objection of the defendant; second, that the court erred in his instructions to the jury.

If the defendant and Clark were acting together in making the sale of whisky to Brazer, statements made by Clark to Brazer out of the presence of the defendant were admissible, and slight evidence of conspiracy or collusion between them would be sufficient to carry the evidence to the jury. Blanck v. State, 14 Okla. Cr. 339, 169 P. 1130; Hadley v. State, 14 Okla. Cr. 644, 175 P. 71; Grayson v. State, 12 Okla. Cr. 226,

154 P. 334; Walker et al. v. State, 11 Okla. Cr. 339, 127 P. 895.

There was sufficient evidence of an acting together between the parties to render the statements made by Clark to Brazer, although out of the presence of the defendant McKnight, competent to be received in evidence.

The court, in instruction No. 5, informed the jury that if they were convinced beyond a reasonable doubt that the defendants Clark and McKnight, "acting individually or acting conjointly, did sell and deliver to one J. L. Brazer, * * * then it will be your duty to find the defendants or either of them guilty. If, however, you entertain a reasonable doubt as to the guilt of the defendants, or either of them, it will be your duty to give them or him the benefit of such doubt and acquit them or him." This instruction is somewhat involved, but we think it could have had but one meaning for the jury, and that was if they found beyond a reasonable doubt that the defendants, acting jointly, sold and delivered the liquor in question to Brazer they should find them guilty, or if they believed beyond a reasonable doubt that one of them, acting individually, sold the liquor in question to Brazer, and had reasonable doubt of the guilt of the other, they should give him the benefit of the doubt and acquit. The error in the instruction under the evidence and circumstances, we think, is harmless.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.